IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT J. SMALLWOOD,

      Plaintiff,

v.                                                                              Civ. No. 21-446 GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the Social*
*Security Administration*,

      Defendant.

## ORDER DENYING REMAND

      This matter comes before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision with Supporting Memorandum. *Doc. 22*. For the reasons explained below, the Court DENIES Plaintiff's Motion and AFFIRMS the judgment of the SSA.

### I.    PROCEDURAL HISTORY

      Plaintiff filed an initial application for SSDI and SSI on April 23, 2018, alleging disability beginning April 21, 2016. Administrative Record ("AR") at 205. Plaintiff's application was denied on initial review on October 22, 2018, AR at 125, 129, and again on reconsideration on October 4, 2019, AR at 138, 144. On October 8, 2020, a hearing was held by an Administrative Law Judge ("ALJ"). AR at 31–60. The ALJ issued an unfavorable decision on November 5, 2020. AR at 13, 26. Plaintiff sought review from the Appeals Council, which denied review on March 9, 2021, AR at 1, making the ALJ's

denial the Commissioner's final decision, *see* 20 C.F.R. §§ 404.981, 422.210(a).

On May 12, 2021, Plaintiff filed suit in this Court, seeking review and reversal of the ALJ's decision. *See doc. 1.* On January 24, 2022, Plaintiff filed his Motion to Reverse or Remand Administrative Agency Decision with Supporting Memorandum. *See doc. 22.* The Commissioner responded on April 28, 2022. *See doc. 28.* Briefing on Plaintiff's Motion was complete on May 23, 2022, *see doc. 30*, with the filing of Plaintiff's reply, *see doc. 29.*

## II.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800–01 (10th Cir. 1991). "In reviewing the ALJ's decision, [the Court] neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted).

"Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800 (internal quotation marks omitted). "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to

discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996). "[I]n addition to discussing the evidence supporting [her] decision, the ALJ also must discuss the uncontroverted evidence [she] chooses not to rely upon, as well as significantly probative evidence [she] rejects." *Id.* at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

### III.   ALJ EVALUATION

#### A.   Legal Standard

For purposes of both SSDI and SSI, an individual is disabled when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). To determine whether a person satisfies these criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 404.1520.[1] If the Commissioner finds an individual to be disabled at any step, the next step is not taken.

---

[1] Plaintiff has applied for both SSDI and SSI. The five-step test for determining disability and other relevant regulations is the same for both benefits but is codified in two separate parts of the Code of Federal Regulations. *See* 20 C.F.R §§ 404.1520, 416.920. Part 404 of Title 20 of the Code of Federal Regulations governs SSDI, while Part 416 governs SSI. In the interests of efficiency and judicial economy, the Court only cites to applicable regulations in Part 404 of Title 20 of the Code of Federal Regulations in this Order, but the analogous regulations in Part 416 also apply.

*Id*. § 404.1520(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) he is not engaged in "substantial gainful activity"; (2) he has "a severe medically determinable physical or mental impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and that either (3) his impairment(s) meets or equals one of the "Listings" of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." *Id.* § 404.1520(a)(4)(i–iv) (citing *id*. § 404.1509); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's residual functional capacity ("RFC") "based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is "the most [he] can still do despite [physical and mental] limitations." *Id*. § 404.1545(a)(1). Second, the ALJ "determine[s] the physical and mental demands of the claimant's past relevant work." *Winfrey*, 92 F.3d at 1023. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Id.* at 1024 (quoting Social Security Ruling (SSR) 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982)). Third, the ALJ determines whether, in light of the RFC, the claimant is

capable of meeting those demands.  *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, she proceeds to step five of the evaluation process.  At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### B.  The ALJ's Decision

On November 10, 2020, the ALJ issued a decision denying Plaintiff's application for SSDI and SSI.  *See* AR at 26.  In denying Plaintiff's application, the ALJ applied the five-step sequential analysis.  At step one, the ALJ found that Plaintiff had "not engaged in substantial gainful activity since April 21, 2016, the alleged onset date."  AR at 15.  At step two, she found that Plaintiff has a variety of severe physical and mental impairments.  *Id*.  At step three, the ALJ found that Plaintiff's severe impairments—both individually and in combination—did not meet or equal the severity of an impairment in the Listings.  AR at 16-18.

At step four, the ALJ found that Plaintiff does not have the RFC to return to his past employment as a salvage laborer (Dictionary of Occupational Tables ("DOT") 929.687-022) or janitor (DOT 382.664-010), AR at 24, but does have the RFC "to perform light work as defined in 20 CFR 404.1567(b)," subject to several physical and mental

limitations, AR at 18.  With respect to Plaintiff's physical limitations, the ALJ found that, among other limitations, Plaintiff "can sit for at least 6 hours, and stand and walk for 6 hours, in an 8-hour workday." AR at 19.  With respect to Plaintiff's mental limitations, the ALJ found that, among other limitations, Plaintiff "can understand, remember, and carry out simple instructions" and "maintain attention and concentration . . . throughout a normal 8-hour workday and 40-hour workweek." *Id.*

In making these findings, the ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause his alleged symptoms.  AR at 23.  She held, however, that Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent" with the medical evidence and other evidence in the record. *Id.*  The ALJ found persuasive the medical opinion of state agency consultants Dr. Lawrence and Dr. Kelley and found unpersuasive the opinions of state agency consultants Dr. Bocian and Dr. Meites as well as Plaintiff's treating providers Dr. Rissman and Mr. Crooks.  AR at 21-23.

At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and determined that he can perform jobs that exist in significant numbers in the national economy.  AR at 24-26.  Specifically, the ALJ found that Plaintiff can perform the requirements of three representative occupations: (1) collator operator (DOT 208.685-010); (2) routing clerk (DOT 222.687-022); and (3) merchandise marker (DOT

209.587-034).  AR at 26.  Accordingly, the ALJ concluded that Plaintiff was not disabled (as the Social Security Act defines the term) from April 21, 2016, through the date of her decision.  *Id*.

## IV.   ANALYSIS

Plaintiff asserts that the ALJ committed both legal and factual errors at step four when she found unpersuasive the medical opinions of Dr. Rissman and Mr. Crooks.  *Doc. 22* at 7-19.  Specifically, Plaintiff claims that the ALJ failed to meet the explanatory requirements of 20 C.F.R. § 404.1520c(b)(2) when making her supportability and consistency findings and that the ALJ's supportability and consistency findings were not supported by substantial evidence.  *Id*.  Defendant disputes each of these arguments.  *See generally doc. 28.*  For the reasons explained below, the Court agrees with Defendant.

### A.   <u>The ALJ Did Not Commit Legal Error When She Found Unpersuasive the Medical Opinions of Dr. Rissman and Mr. Crooks.</u>

Under 20 CFR § 404.1520c, the persuasiveness of a medical source's opinions depends on five factors: "supportability; consistency; relationship with the claimant; specialization; and other factors, such as 'a medical source's familiarity with the other evidence in a claim.'"  *Zhu v. Commissioner, SSA*, No. 20-3180, 2021 WL 2794533, at *5 (10th Cir. 2021) (quoting, *inter alia*, 20 C.F.R. § 404.1520c(c)).  Supportability and

consistency are the only two factors that the ALJ must explain when assessing the persuasiveness of a medical source's opinions.  *See* 20 C.F.R. § 404.1520c(b)(2).  The factor of supportability "examines how closely connected a medical opinion is to the evidence and the medical source's explanations: 'The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s), the more persuasive the medical opinions will be.'" *Zhu*, 2021 WL 2794533, at *5 (internal brackets and ellipsis omitted) (quoting, *inter alia*, 20 C.F.R. § 404.1520c(c)(1)).  Consistency, by contrast, "compares a medical opinion to the evidence: 'The more consistent a medical opinion(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) will be.'" *Id.* (internal ellipsis omitted) (quoting, *inter alia*, 20 C.F.R. § 404.1520c(c)(2)).

When explaining her findings regarding the supportability and consistency of a medical source's opinions under § 404.1520c(b), the ALJ must provide enough detail such that the Court "can follow the adjudicator's reasoning" and determine whether the "correct legal standards have been applied." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012); *see also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (finding that an ALJ's reasons for rejecting a medical opinion must be "sufficiently specific to enable [the] court to meaningfully review his findings") (internal quotations

omitted).  An ALJ may not make "global references to the record" without citing

additional evidence.  *Dwyer v. Saul*, Civ. No. 20-80 JFR, 2021 WL 1574965, at \*11 (D.N.M.

Apr. 22, 2021) (holding that the ALJ's "broad" statement that the medical opinion

"[was] not consistent with the record" was insufficient).  Indeed, although ALJs need

not cite to specific record evidence, they must "note[] the evidence upon which [they]

relied, and that evidence [must be] specific, and verifiably supported by the record

evidence."  *See Victoria Jean G. v. Kijakazi*, CIVIL ACTION No. 20-4053-JWL, 2021 WL

4168124, at \*5 (D. Kan. Sept. 14, 2021).  Nonetheless, courts have affirmed "minimalist"

supportability and consistency findings as long as the ALJ points to some evidence in

such a way that the Court can follow the ALJ's reasoning.  *Frank v. Kijakazi*, Civil Action

No. 20-cv-00691-NYW, 2021 WL 3796620, at \*6 (D. Colo. Aug. 25, 2021); *see also Cox v.*

*Saul*, CIV 19-1117 KBM, 2020 WL 6701426, at \*6 (D.N.M. Sep. 9, 2020) (holding that the

ALJ sufficiently explained his supportability and consistency findings with the

statement: "the moderate to marked limitations that [the doctor] opined overstate the

severity of impairment to [Plaintiff's] abilities, are unsupported by the objective medical

evidence and . . . [are] inconsistent with the evidence from all medical/nonmedical

sources") (internal quotations omitted).

> **i.   The ALJ Provided Adequate Explanation for Her Supportability and Consistency Findings About Dr. Rissman's Opinion**

Plaintiff's treating provider, Dr. Rissman, found that Plaintiff had some marked

limitations in understanding and memory as well as concentration and persistence and that Plaintiff could not complete a normal work schedule.  AR at 838-39, 842.  The ALJ found this opinion to be "not persuasive" because "the objective medical evidence, discussed above, contained no findings to support a restriction of any marked limitations in mental functional areas" and "the medical records contained no evidence to support finding the claimant could not complete a normal work schedule."  *Id*. Additionally, the ALJ noted that "Dr. Rissman's assessment did not contain any internal objective findings on examination to support any of the assessed restrictions."  AR at 22-23.

The ALJ's assessment of Dr. Rissman's opinion is legally sufficient because she provides enough specific evidence for the Court to review her findings.  *See Victoria Jean G.*, 2021 WL 4168124, at *5; *cf. Langley*, 373 F.3d at 1119 (assessing an ALJ's evaluation of a medical source opinion under the Treating Physician Rule).  The ALJ noted that she considered Dr. Rissman's findings of marked limitations and an inability to complete a normal work schedule in evaluating the consistency and supportability of the medical opinion.  AR at 22.  This evidence provides enough specificity such that the Court can follow the ALJ's logic and assess both the consistency of Dr. Rissman's opinion (whether other medical opinions in the record do or do not find marked limitations and an inability to complete a normal work schedule) and the supportability of Dr.

Rissman's opinion (whether Dr. Rissman's own medical findings support marked limitations and an inability to complete a normal work schedule).  As a result, the Court can fully review the ALJ's findings and determine whether she applied the correct legal standards.

Plaintiff argues that the ALJ made an "improper" reference to the entire medical record by finding that Dr. Rissman's opinion was not consistent with the evidence "as discussed above" without including the specific evidence on which she relied.  *Doc. 22* at 9.  Although broad, stand-alone statements that find a medical opinion inconsistent with the overall record are legally insufficient for a consistency finding, *see, e.g., Dwyer*, 2021 WL 1574965, at *11, the Court disagrees with Plaintiff that the ALJ did not include any other evidence in her analysis.  As noted in the previous paragraph, the ALJ identified Dr. Rissman's findings of Plaintiff's marked limitations and an inability of Plaintiff to complete a normal work schedule as her basis for determining whether Dr. Rissman's opinion was consistent with the rest of the medical record.  AR at 22.

### ii.   The ALJ Provided Adequate Explanation for Her Supportability and Consistency Findings About Mr. Crooks' Opinion

Plaintiff's treating provider, Mr. Crooks, stated in his assessment that Plaintiff could only stand or walk for up to four hours in an eight-hour workday and could only occasionally bend, squat, crawl, climb, or reach above shoulder level.  AR at 848-849.  The ALJ found Mr. Crooks' opinion to be "not persuasive" because "the objective

medical evidence, discussed above, contained no findings to support any limitations on postural activities such as balancing or climbing. . . [or] to support a 4-hour limitation on standing or walking." *Id*. The ALJ also noted that "Mr. Crooks' assessment did not contain any internal objective findings on examination to support any of the assessed restrictions." *Id*.

Similar to the ALJ's assessment of Dr. Rissman's opinion, the ALJ's assessment of Mr. Crooks' opinion is legally sufficient because it provides enough insight into the ALJ's thought process for the Court to assess whether the ALJ followed the correct legal standards. The ALJ identified two specific evidentiary issues—the limitation on postural activities and the four-hour limitation on standing or walking—as the basis for her consistency and supportability findings. *Id*. Using this evidence, the Court can assess the ALJ's findings regarding the medical opinion's consistency (whether other medical opinions in the record found similar limitations) and supportability (whether Mr. Crook's own findings support these limitations) and ultimately determine whether the ALJ followed the proper legal standards.

**B. <u>The ALJ Did Not Commit Factual Error When She Found Unpersuasive the Medical Opinions of Dr. Rissman and Mr. Crooks.</u>**

An ALJ's factual determinations about the persuasiveness of a medical opinion must be supported by substantial evidence. *See Casias*, 933 F.2d at 800. The substantial evidence standard is met unless the evidence on which the ALJ relied is "overwhelmed

by other evidence in the record or constitutes mere conclusion."  *See Grogan*, 399 F.3d at 1261-62 (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)).  Further, a reviewing court "may neither reweigh the evidence nor substitute [its] judgment for that of the Commissioner," *Casias*, 933 F.2d at 800, and the Court cannot "displace the agenc[y's] choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo," *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (quoting *Custer Cnty. Action Ass'n v. Garvey*, 256 F.3d 1024, 1030 (10th Cir. 2001)).

Plaintiff argues that the ALJ made an improper factual determination about the supportability and consistency of both Dr. Rissman's and Mr. Crooks' medical opinions. In particular, Plaintiff argues that, contrary to the ALJ's assertions, both medical opinions were supported by the providers' internal objective findings and the providers' treatment notes and that both opinions were consistent with "other objective findings in the record."  *Doc. 22* at 10-19.

After a careful review of the record, the Court finds that the ALJ's finding about the supportability of Dr. Rissman's and Mr. Crooks' medical opinions is supported by substantial evidence.  Although the internal medical findings and treatment notes of the providers indicate a variety of mental and physical afflictions, *see, e.g.*, AR at 377-82, 384-90, 552, 627-28, 829-52, 861-74, the Court does not find that any of this evidence

overwhelms the ALJ's supportability findings, and the Court is not in a position to second guess the ALJ's weighing of the evidence.

Plaintiff argues that the ALJ's supportability finding that Dr. Rissman's opinion "did not contain any internal objective findings on examination to support any of the assessed restrictions" was improper in part because the ALJ mistakenly determined that Dr. Rissman's "observed signs and symptoms" of the Plaintiff did not constitute medical findings. *Doc. 22* at 11.  The Court finds this argument to be misplaced.  The ALJ did not make any claims that Dr. Rissman's medical opinion and treatment notes did not constitute medical findings.  *See* AR at 22-23.  Instead, the ALJ found that Dr. Rissman's internal medical findings did not *support* the level of restrictions that Dr. Rissman assessed for the Plaintiff.  *See id.*  Whether or not Dr. Rissman's findings support her assessed restrictions is a factual determination, and the Court has already held that the ALJ's finding regarding this issue is supported by substantial evidence.

The Court also finds that the ALJ's finding about the consistency of Dr. Rissman's and Mr. Crooks' medical opinions is supported by substantial evidence. With respect to Dr. Rissman's opinion that the Plaintiff suffered from two marked limitations in mental functioning and could not complete a normal work schedule, *see* AR at 22, although the ALJ noted evidence that Plaintiff suffers from a "depressed mood," AR at 21, as well as other "severe mental impairments," AR at 22, the ALJ also

noted evidence demonstrating "relatively normal [mental] findings," and "stable mood" AR at 21; *see also* AR at 22 (Plaintiff can "understand and recall simple and detailed instructions, . . . sustain concentration adequately to persist on tasks to completion at an acceptable pace[,] . . . interact with others in an effective and socially appropriate fashion, . . . accept supervisory direction and criticism[,] . . . observe safety precautions, [and] adjust to changes in routines.").  With respect to Mr. Crooks' opinion that Plaintiff has postural limitations and a four-hour limitation on standing or walking, *see* AR at 848-49, the ALJ cited to evidence of both certain physical limitations as well as "unremarkable findings" related to Plaintiff's physical health, *see* AR at 21.  The Court does not find that the ALJ's consistency determinations are overwhelmed by contrary evidence, and the Court will not reweigh the evidence in the record.

## V.   CONCLUSION

 For the foregoing reasons, the Court finds no reversible error in the ALJ's decision.  Therefore, the Court DENIES Plaintiff's Motion to Reverse and Remand (*doc.* 22) and AFFIRMS the Commissioner's decision.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**